## No. 815

## BECK v. IMMEL et al

Ohio Appeals, 2nd Dist., Franklin County
No. 1206. Decided Oct. 17, 1924

297. CONTRACTS—1. Parol evidence is admissible to prove the terms of a lost contract.

2. Rejected draft of contract with rough memoranda of charges demanded admissible to prove terms of lost contract.

3. Party to contract entitled to benefit of whole contract and to every word thereof.

4. Failure of party to produce contract or testify as to its terms justifies assumption that contract is fatal to his interest.

5. Demand for return of collateral deemed effort to forestall receivership proceedings.

MAUCK, J. (Sitting in place of Judge Kunkle)
Epitomized Opinion
Published Only in Ohio Law Abstract

This action was brought in the Franklin Common Pleas to cancel certain notes given

## STATE COURT OF APPEALS—Continued

by Beck to Immel and to compel the surrender of collateral thereto by Immel and his assigness, the Columbus Guarantee Mtg. Co. It appears that Beck and Immel were the principal stockholders in the Immel Co., a manufacturing concern in Columbus, which had issued preferred stock with common stock as a bonus thereto, the latter not being par value stock. Owing to a difference in the management of the plant Beck endeavored to get possession of Immel's stock.

They agreed to meet in the office of Mr. Schooler, a lawyer, and after rejecting the first draft of a contract because it did not conform to Beck's wishes, another contract was drawn. Beck executed three notes for $75,000 each due July 15, 1920, 1921 and 1922. The first was satisfied by delivery of 270 shares of preferred stock. The other two notes were secured by certain stock in another company and 500 shares common stock in the Immel Co.

Beck contended that the contract provided, among other things, that if the Immel Co. should become bankrupt or was placed in receiver's hands Beck should pay only the actual value of the common stock and in such case the collateral was to be returned to Beck upon payment of such actual value. The parties disagree as to how and when this provision became operative. Beck claims that his liability on the unpaid notes should be reduced to common stock value. Immel contends that the provision was to become effective only if the contingency happened prior to payment of first note. The Immel Co. was placed in receivers' hands in September, 1920. Immel got possession of the contract and failed or refused to produce it for evidence. On appeal to the Franklin Court of Appeals, the court held:

1. Parol evidence was admissible to ascertain the terms of the contract.

2. The rejected draft, together with rough memoranda for the accepted contract in Mr. Schooler's hands, was accepted to prove the terms of the contract.

3. Beck was not bound by Mr. Schooler's memory of a given paragraph in the lost contract but was entitled to the benefit of the whole contract and to every word thereof.

4. Failure or refusal of a party to a contract to present it in evidence justifies the assumption that the contract contains language which would be fatal to his interests if offered in evidence.

5. Beck having requested the return of the collateral prior to the creation of receivership is not evidence that he did not rely on the construction now asserted by him but rather

to use the collateral to forestall receivership proceedings.

**Attorneys**—James M. Schooler, Williams, for Beck; Booth, Keating, Pomerene & Boulger, Emerson L. Taylor, for Immel et al; all of Columbus.